UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| REGAL WEST CORPORATION,<br><br>　　　　　　　Plaintiff,<br>　　v.<br><br>MINH KHAI NGUYEN,<br><br>　　　　　　　Defendant. | CASE NO. 3:19-cv-05374-TL<br><br>ORDER DENYING REGAL'S SECOND MOTION TO LIFT STAY |

　　　　This matter is before the Court on Plaintiff Regal West Corp.'s ("Regal's") motion to lift the stay previously ordered by this Court. Dkt. No. 120. Having considered the relevant record and finding oral argument unnecessary, *see* LCR 7(b)(4), the Court DENIES Regal's motion and ORDERS this case stayed until all post-judgment motions and potential appeals of the judgment in the related parallel litigation brought in the U.S. District Court for the Central District of California, *Softketeers, Inc. v Regal West Corporation et al.*, No. C19-519 ("the Softketeers case"), are fully resolved.

## I. BACKGROUND

The relevant background and procedural history of this case has been recounted multiple times on the docket, so the Court will not restate all of the facts. *See, e.g.*, Dkt. No. 116 at 2–4. Of particular relevance are that (1) both cases involve the same software, (2) central issues in both cases include the ownership rights and alleged misappropriation of trade secrets related to the software, and (3) this case has been stayed for most of its pendency, primarily *by agreement of the Parties*. *Id.*

In March 2022, Regal filed an opposed motion to lift the stay and for leave to amend its Complaint to add new parties and additional claims. *See* Dkt. Nos. 102, 109, 112. Regal's motion was denied. Dkt. No. 116. At that time, the Court extended the stay "until (i) final judgement is entered in the Softketeers case, (ii) it is lifted by stipulated request of the Parties, or (iii) it is otherwise ordered by this Court." *Id.* at 13. The Parties were ordered to file a joint status report after final judgment was entered in the Softketeers case (*id.*), which they did on March 3, 2023 (Dkt. No. 118). There, the Parties disagreed as to whether the Softketeers case was sufficiently resolved, despite the entry of final judgment, to warrant lifting the stay. *Id.* at 3–4. To resolve this dispute, the Court ordered Regal to file a renewed motion to lift the stay, and for Mr. Nguyen to respond accordingly, to specifically brief "(1) whether the judgment in the California action is final; and (2) how resolution of the California action will (or will not) impact issues in this litigation."[1] Dkt. No. 119. The Parties timely filed their respective briefs as ordered. Dkt. Nos. 120, 122.

---

[1] The Court also ordered Regal to address its intent to renew its motion to add RICO claims that the Court had previously reserved deciding on in its order denying Regal's prior motion to lift the stay and amend the complaint. Dkt. No. 119; *see also* Dkt. No. 116 at 13. Regal has elected not to pursue the RICO claims. Dkt. No. 120 at 7.

## II. DISCUSSION

The Court finds that extending the stay until all remaining post-judgment activity in the Softketeers case is fully resolved is warranted. Of paramount concern to this Court is the possibility of conflicting legal or factual determinations of overlapping issues between these two related cases. Regal argues that the stay is no longer necessary because the judgment in the Softketeers case is "final" and would otherwise have "minimal" impact on the issues in this case. Dkt. No. 120 at 4. At the same time, though,

> Regal acknowledges that, to the extent the court in the [Softketeers case] vacates the final judgment that has been entered and enters a new judgment deeming Regal the exclusive owner of the software at issue in that case, there will be lesser need for Regal to identify with particularity which portions of the source code comprise Regal's trade secret information.

*Id.* at 6, n.3. This acknowledgment appears to comport with Mr. Nguyen's claim that "[a] key issue in [this] litigation . . . will be the preclusive effect of the [Softketeers case] Judgment . . . . [and if] Regal's challenges to that Judgment succeed, that will have been wasted effort." Dkt. No. 122 at 8.

The Court agrees and is justifiably concerned with possible claim as well as issue preclusion here. Claim preclusion "provides that 'a final judgment forecloses successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit.'" *Mull v. Motion Picture Indus. Health Plan*, 41 F.4th 1120, 1139 (9th Cir. 2022) (quoting *Taylor v. Sturgell,* 553 U.S. 880. 892 (2008)). Issue preclusion "bars successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, even if the issue recurs in the context of a different claim." *Id.* Regal previously represented to the Court that litigation in the Softketeers case "may impact certain issues in this litigation." Dkt. No. 87 at 2; *see also* Dkt. No. 91 at 2 (same), Dkt. No. 98

at 1–2 (same). So long as the possibility exists that any of the overlapping issues resolved by the judgment in the Softketeers case may be reversed, amended, or overturned, this Court cannot proceed with confidence in its inevitable determinations regarding the potentially preclusive effects of that litigation on issues material to the case at bar. And this uncertainty, in turn, raises concerns of judicial economy.

The Court is not swayed by Regal's argument that it would be prejudiced by further delay in this case. Dkt. No. 120 at 7. Primarily, Regal complains of the already lengthy delays and possibility of "further aging and deterioration of witness memories, relevant evidence, and necessary discovery." *Id.* The Court reminds Regal that it stipulated to all of the stays in this case through April 2022, including agreeing to stay the case pending entry of judgment in the Softketeers case because it "will impact certain issues in this litigation." Dkt. No. 98 at 1–2. Further, some relevant memories and evidence appears to have been preserved not only through depositions but also through trial testimony in the Softketeers case. *See, e.g.*, Dkt. No. 121-4.

Regal's position regarding the stay appears to have changed only after the jury in the Softketeers case returned its verdict against Regal. *See* Dkt. Nos. 102, 109, 112–13. Regal now expresses concern regarding the impact the long stay has had on its ability to present its case (Dkt. No. 120 at 7), but as recently as last year, Regal attempted to add new claims and parties in this case (Dkt. No. 102). The Court noted Regal's own lack of diligence pursuing its alleged related claims in the order denying Regal's belated motion to amend its complaint. Dkt. No. 116 at 5–9. After being denied leave to amend, Regal then initiated an entirely new case in South Carolina involving similar claims arising out of the same general timeframes as the claims in this

case and the Softketeers case.² *See* Dkt. No. 122-1; *see also Regal West Corp. v. Neeves*, No. C22-1653, Dkt. No. 1 (D.S.C. May 25, 2022). The Court is therefore unconvinced by Regal's claims of prejudice from the delay.

### III.   CONCLUSION

Accordingly, the Court ORDERS this case to remain STAYED until post-judgment motions and any potential appeals in the Softketeers case are fully resolved, or until the Parties jointly move to lift the stay with sufficient stipulations regarding any potentially overlapping issues between the two cases, which will become law of the case for purposes of all further proceedings in this Court.

Dated this 20th day of July 2023.

Tana Lin
United States District Judge

---

² The Court notes that the South Carolina case has also been stayed since October 2022 for similar reasons, *see Regal West Corp. v. Neeves*, No. C22-1653, Dkt. No. 22 (D.S.C. Oct. 14, 2022), and the stay was recently extended until the exhaustion of appeals in the Softketeers case, *id.* at Dkt. No. 37 (D.S.C. July 14, 2023).